IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IMMANUEL MENELIK WILLIAMS,

        Plaintiff,

v.

LANE COUNTY JAIL,

        Defendant.

Case No. 6:20-cv-02002-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, an inmate at the Lane County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court also granted Plaintiff leave to proceed *in forma pauperis*. There are many pending motions in this case, including Plaintiff's most recent Motion for Leave to Amend (#32). Because the proposed Amended Complaint (#32-1) fails to state a claim, Plaintiff's Motion to Amend is denied. *See* 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that unidentified individuals within the Lane County Jail confined him to an unsanitary cell, refused him a meal, denied him personal protective equipment for two days during the COVID-19 pandemic, and denied him the ability to visit with an attorney for a week. He seeks $15,000 in damages and asks the Court to dismiss the criminal charges against him.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

3 - ORDER TO DISMISS

In this case, plaintiff's proposed Amended Complaint (#32-1) does not identify any individual as a party to this suit who personally participated in the deprivation of a federal right. Instead, Plaintiff identifies the Lane County Jail as the sole Defendant to this action. While municipalities qualify as "persons" for purposes of 42 U.S.C. § 1983, to establish municipal liability a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegations in this case. Because the proposed Amended Complaint fails to state a claim upon which relief may be granted, the most recent Motion to Amend (#32) is denied and the Clerk shall not docket the proposed Amended Complaint (#32-1).

Despite the fact that no Defendant has appeared in this case to date, Plaintiff has filed more than 20 Motions. Most of these Motions are either premature (such as his many Motions in Limine or attempting to subpoena evidence) or moot (such as Plaintiff's Motions to voluntarily dismiss this case which he ultimately asked the Court to disregard). These Motions (#6, #7,

4 - ORDER TO DISMISS

##10-12, ##14-17, ##19-27, and #30) are denied with leave to renew: (1) should Plaintiff state a valid claim for pleading purposes; and (2) only after a Defendant appears in this case. Plaintiff's Motions for Appointment of Counsel (#2, #13, #17) are denied on the basis that the appointment of counsel is not warranted in this case.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend (#32) is denied and the Clerk shall NOT docket Plaintiff's proposed Amended Complaint (#32-1). Plaintiff's pending Motions (#2, #6, #7, ##10-17, ##19-27, #30) are denied.

Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies with his prior Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

///

///

///

5 - ORDER TO DISMISS

The Clerk of Court is directed to send Plaintiff a civil rights form for his use.

IT IS SO ORDERED.

DATED this 19th day of January, 2021.

/s/ Michael H. Simon
MICHAEL H. SIMON
U.S. DISTRICT COURT JUDGE

6 - ORDER TO DISMISS